## Williams *versus* McCandless.

Two transcripts of the same judgment obtained before a justice of the peace, entered in the Common Pleas, constitute but *one record;* and a removal of the record on the second transcript, into another court, legally made, effects a removal of the whole record.

ERROR to the Court of Common Pleas of *Allegheny county*.

This was a *scire facias* to revive a judgment entered upon a transcript from the docket of a justice of the peace. A judgment was confessed in favor of William McCandless *vs.* Isaac Williams, before a justice of the peace, for $561.50, &c., with stay of execution for eighteen months. A transcript was filed in Nov. 1843, in the Common Pleas, to Dec. term, 1843, No. 90.

On June 5, 1845, another transcript was filed of the same judgment, in the same court, to June term, 1845, No. 147. Execution from the justice had been returned no goods. *Fi. fa.* to Oct. term, 1845, No. 48. In Oct. 1846, rule to show cause why levy, &c., should not be set aside, at plaintiff's costs. Oct. 24, 1846, rule made absolute. *Feb.* 5, 1848, at the instance of attorneys of plaintiff, this case transferred to the *District Court*, No. 90, April term, 1848, agreeably to the act of Assembly.

*Afterwards*, viz. on Nov. 13, 1848, a *scire facias* issued in the Common Pleas to revive the judgment entered to Dec. term 1843, on the *first* transcript. It issued against Isaac Williams with notice to Robert Potter and Albert McElheny, terre tenants. Oct. 27, 1849, plea of Potter and McElheny filed. Dec. 4, 1849, replication filed, and judgment against Williams in default of appearance and plea, and a jury sworn to try the issue between plaintiff and Potter and McElheny, who found for plaintiff $813.88. Dec. 20, on motion, rule to show cause why the judgment and all subsequent proceedings should not be set aside.

In the *District* Court, the removal was docketed William McCandless *v.* Isaac Williams, to April term, 1848, No. 90.—May 19, 1842, judgment was confessed for the sum of five hundred and sixty-one dollars and fifty cents debt, with seventy-five cents costs. Execution returned "no goods." Transcript filed, June 5, 1845, &c.

[Williams *v.* McCandless.]

Dec. 20, 1849, rule to show cause why judgment and all subsequent proceedings should not be set aside. Jan. 5, 1850, the transfer of this judgment set aside, and all subsequent proceedings thereon.

It was assigned for error, *inter alia*, that the whole proceedings are irregular; the judgment having been certified into the *District* Court, the Court of Common Pleas had no jurisdiction.

The case was argued by *Woods*, for Potter; *Loomis* on same side.—It was contended that the Common Pleas had no jurisdiction; that the proceedings in the Common Pleas were all one record, and that was removed into the District Court.

*McCandless* for defendant in error.

PER CURIAM.—In the Common Pleas, the two transcripts of the same judgment on the justice's docket made but one record.; and the whole of it was removed by the certificate, into the District Court. No record, therefore, remained in the Common Pleas to sustain the *scire facias*, and the defect would have been fatal on *nul tiel* record; but the parties proceeded on the principle of Minier *v.* Saltmarsh, to plead themselves off the record, by going to issue on an immaterial fact—a thing that would not have happened had the report of Mitchell *v.* Hamilton been published. The case is so incongruous, that no verdict ought to have been rendered on the judgment.

Judgment reversed and repleader awarded.